UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:05CV127-EHJ

CHRISTIAN COCKERIL REID                                                                    PLAINTIFF

v.

JO ANNE B. BARNHART,
Commissioner of Social Security                                                             DEFENDANT

## MEMORANDUM OPINION

Before this Court is plaintiff's challenge to the decision of the Commissioner denying her claims for disability insurance and SSI benefits. After thorough examination of the materials of record, the arguments of the parties and applicable authorities, the Court determines that the decision of the Commissioner should be affirmed.

Ms. Reid applied for disability insurance on November 14, 2002 and SSI benefits on October 16, 2002, alleging that she became disabled on July 2002 as a result of a back injury, seizures, depression, nervousness, and irritable bowel syndrome (Tr. 16, 107). After a hearing on March 24, 2004, Administrative Law Judge Donald Campbell ("ALJ") found that Ms. Reid's conditions of irritable bowel syndrome, depression with anxiety, scoliosis with chronic back pain and occasional right hip and leg pain, degenerative disc disease and seizure disorder were severe impairments within the Regulations, but were not severe enough to meet or medically equal listed impairments. In light of these impairments, the ALJ found that Ms. Reid cannot perform any of her past relevant work, but remains capable of performing a significant range of light work (Tr. 24).

This Court's review of the Commissioner's findings is limited to determining whether they are supported by substantial evidence, 42 U.S.C. §405(g); Elam ex. Rel. Golay v. Commissioner, 348 F.3d 124, 125 (6th Cir. 2003). Where the Commissioner's decision is supported by substantial

evidence, the reviewing court must affirm, Studaway v. Secretary of HHS, 815 F.2d 1074, 1076 (6th Cir. 1987). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, Kirk v. Secretary of HHS, 667 F.2d 524 (6th Cir. 1981); Jones v. Secretary, 945 F.2d 1365 (6th Cir. 1991).

The substantiality of the evidence is to be determined based upon a review of the record taken as a whole, not simply some evidence, but rather the entirety of the record to include those portions that detract from its weight, Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984). So long as the decision of the Commissioner is supported by substantial evidence, it must be upheld by the court even though the record might support a contrary conclusion, Smith v. Secretary of HHS, 893 F.2d 106, 108 (6th Cir. 1989). The substantial evidence standard "presupposes that there is a zone of choice within which decision makers can go either way, without interference from the courts," Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*).

Ms. Reid contends that the decision is not supported by substantial evidence because 1) the Commissioner erred as a matter of law in finding that she can perform light work; 2) the Commissioner failed to sustain her burden of proof that there is other work in the national economy that she can perform; 3) the Commissioner erred as a matter of law in failing to accord adequate weight to the opinions and assessment of Ms. Reid's treating and evaluating physicians; and 4) the Commissioner erred as a matter of law in assessing Ms. Reid's credibility. In sum, plaintiff challenges certain findings that the ALJ made at the fourth and fifth steps in the sequential evaluation process. Specifically, plaintiff challenges findings at the fourth step regarding medical opinions, credibility, residual functional capacity; and vocational findings at the fifth step.

## WEIGHT OF MEDICAL OPINIONS

Plaintiff argues that the ALJ improperly weighed the opinions of Dr. Auerbach (examining physician) and Dr. Hamad (treating physician). Dr. Auerbach examined plaintiff on June 11, 2003 within the context of her workers' compensation claim and assigned an eight percent impairment rating as to her entire body. He also assigned the following work restrictions: lifting maximum of 20 pounds occasionally; carrying maximum of 10 pounds occasionally and five pounds frequently; sitting up to four hours per day, walking up to four hours per day, standing less than one hour per day; no bending, crawling or kneeling, and only occasional twisting and turning (Tr. 384). His diagnosis of plaintiff's condition was mild scoliosis, chronic lumbosacral strain, and degenerative disc disease with a non-surgical bulging disc at L5-S1. The ALJ generally accepted the evaluation of Dr. Auerbach and incorporated Auerbach's limitations into the RFC findings.

According to the medical records, Dr. Hamad was plaintiff's treating physician between approximately September 2002 and January 2004. He completed an assessment on November 5, 2003, wherein he opined that plaintiff could never lift or carry more than ten pounds; could occasionally lift or carry up to five pounds and could frequently lift or carry less than five pounds (Tr. 400). He also prohibited stooping, but allowed occasional climbing, balancing, crouching and kneeling, noting that she could sit for no longer than one hour in an eight hour work day, and could stand or walk for no more than two hours (Tr. 400). These limitations were based upon his diagnoses of low back pain, irritable bowel syndrome, depression and seizure disorder.

The rule on controlling weight applies when a "treating source" renders a "medical opinion" that is both well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record. Social Security Ruling 96-2p; 20

3

C.F.R. §404.1527(d)(2); <u>Bogle v. Sullivan</u>, 998 F.2d 342, 347-348 (6th Cir. 1993). Notably, all of the above factors must be satisfied in order for the treating source's opinion to be entitled to controlling weight. Social Security Ruling 96-2p. It has long been established that the special position occupied by a treating physician calls for his or her opinion to be accorded great weight.

While the ALJ is not bound by the opinions of a treating physician, he is required to set forth some basis for rejecting that opinion, <u>Shelman v. Heckler</u>, 821 F.2d 316, 321 (6th Cir. 1987); <u>MacGregor v. Bowen</u>, 786 F.2d 1050, 1053 (11th Cir. 1986). There is no error in declining to accept the unsupported conclusory statement of a physician, even a treating physician, <u>Hall v. Bowen</u>, 837 F.2d 272 (6th Cir. 1988); <u>Duncan v. Secretary of HHS</u>, 801 F.2d 847 (6th Cir. 1986). An ALJ may assign less weight to an opinion if it is not supported by detailed clinical and diagnostic test evidence, <u>Walters v. Commissioner</u>, 127 F.2d 525 (6th Cir. 1997), <u>Jones v. Secretary of HHS</u>, 945 F.2d 1365 (6th Cir. 1991). Furthermore, while a treating physician's opinion is entitled to great weight, it is not dispositive regarding the ultimate issue of disability, <u>Landsaw v. Secretary</u>, 803 F.2d 211, 213 (6th Cir. 1986).

This Court's review of the evidence of record and the Decision reveals that the ALJ had sufficient reasons for rejecting the disabling opinions of Dr. Hamad. The ALJ noted that though he was accepting the opinions of Dr. Hamad with regard to medical issues relating to the nature and severity of the claimant's impairments,

> . . . the opinions as to the claimant's residual functional capacity, the ability to do past work, the ability to do other work and whether there is a disability under the Social Security Act are on issues reserved to the Commissioner. These statements have been carefully considered, but are given diminished weight as they indicate very extreme limitations that are unsupported by the objective medical evidence including the doctor's own treatment records, inconsistent with the testimony at the hearing and inconsistent with the claimant's activities of daily living as demonstrated in the record. In particular, neither the independent examinations or the reviews of

the state agency physicians have suggested such severe limitations. (Tr. 19) This Court agrees that Dr. Hamad's opinions were inconsistent with other substantial evidence of record, particularly the September 2002 MRI and records from Drs. Ballard and Wood. Therefore, the ALJ was well within his discretion in discounting Dr. Hamad's opinions, 20 C.F.R. §404.1527(d)(4). Consistent with <u>Wilson v. Commissioner</u>, 378 F.3d 541 (6th Cir. 2004), the ALJ stated clear reasons for limiting the weight given to Dr. Hamad's opinion. See also SSR 96-2p.

Plaintiff further contends that the RFC findings of the ALJ do not constitute "light work" within the regulations. While the Court sees some merit to this argument, the ALJ was faced with a situation where Dr. Auerbach's opinions fell somewhere between light and sedentary work. However, in this circumstance both the sedentary and light grid rules (when utilized as a framework for the decision) would direct a finding of not disabled. Additionally, there was testimony from the vocational expert that incorporated both the physical restrictions and mental restrictions to find a significant number of jobs that plaintiff could still perform. Whether the ALJ mis-characterized the limitations set forth by Dr. Auerbach as consistent with "light work" is at most, harmless error. Not every erroneous or inappropriate statement contained in an ALJ's decision warrants disturbance of that decision, <u>Maziarz v. Secretary of HHS</u>, 837 F.2d 240, 244 (6th Cir. 1987).

## CREDIBILITY FINDINGS

Plaintiff argues that the Commissioner erred as a matter of law in assessing her credibility. SSR 96-7p provides instruction on credibility evaluation as follows:

> In general, the extent to which an individual's statements about symptoms can be relied upon as probative evidence in determining whether the individual is disabled depends on the credibility of the statements. In basic terms, the credibility of an individual's statements about pain or other symptoms and their functional effects is

5

> the degree to which the statements can be believed and accepted as true. When evaluating the credibility of an individual's statements, the adjudicator must consider the entire case record and give specific reasons for the weight given to the individual's statements.

20 C.F.R. §§ 404.1529c) and 416.929c) describe the kinds of evidence, including the factors below, that the adjudicator must consider in addition to the objective medical evidence when assessing the credibility of an individual's statements:

1) Your daily activities;

2) The location, duration, frequency, and intensity of your pain or other symptoms;

3) Precipitating and aggravating factors;

4) The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms;

5) Treatment, other than medication, you receive or have received for relief of your pain or other symptoms;

6) Any measures you use or have used to relieve your pain or other symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and

7) Other factors concerning your functional limitations and restrictions due to pain or other symptoms.

In his Decision, ALJ Campbell found it significant that the plaintiff asserts that she needs to routinely lie down with a heating pad during the day and elevate her feet, but there is no mention of this limitation to the treating physicians. Further, he notes that the medical evidence fails to reflect objective medical findings to support the degree of limitation plaintiff alleges. In support, he notes that treatment for her back pain has been entirely conservative, and two physicians have indicated that she is not a surgical candidate. Additionally, he notes that she takes no pain medication because of ulcers, but the records suggest drug seeking behavior and a possible history

6

of prescription drug abuse. The ALJ further found her activities of daily living to be inconsistent with her complaints of debilitating pain and limitations. While the ALJ concedes that the claimant likely suffers some degree of pain and limitations, he does not find that they preclude all work activity (Tr. 21).

A significant consideration in the evaluation of pain is the credibility of the claimant, given that tolerance of pain is very much an individual matter, <u>Villareal v. Secretary</u>, 818 F.2d 461, 463 (6th Cir. 1987). An ALJ may distrust a claimant's allegations of disabling symptomatology if the subjective allegations, the ALJ's personal observations, and the objective medical evidence contradict each other, <u>Moon v. Sullivan</u>, 923 F.2d 1175, 1183 (6th Cir. 1990). In other words, discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence, <u>Walters v. Commissioner</u>, 127 F.3d 525, 532 (6th Cir. 1997). Furthermore, if the ALJ rejects the claimant's testimony as not credible, he or she must state reasons for doing so, <u>Auer v. Secretary</u>, 830 F.2d 594, 595 (6th Cir. 1987). While plaintiff disagrees with the ALJ's stated reasons for rejecting her credibility, it is nonetheless clear to this Court that the ALJ stated sufficient reasons for his credibility determinations. Accordingly, the Court finds that the ALJ properly set forth specific reasons for rejecting plaintiff's complaints of debilitating pain, and it declines to disturb the ALJ's findings.

## RESIDUAL FUNCTIONAL CAPACITY

Residual functional capacity is an assessment of a claimant's remaining capacity for work once his or her limitations have been taken into account, <u>Howard v. Commissioner</u>, 276 F.3d 235, 239 (6th Cir. 2002); 20 C.F.R. §404.1545(a)(1). Residual functional capacity is what a claimant can

still do on a sustained, regular, and continuing basis, Cohen v. Secretary of HHS, 964 F.2d 524 (1992). A claimant bears the burden or proof in establishing his or her residual functional capacity, Her v. Commissioner, 203 F.3d 388, 391-392 (6th Cir. 1999).

Plaintiff contends that the ALJ improperly rejected both evaluations of record in favor of the state doctors' opinions which restricted the claimant to medium work, and then implicitly rejected those opinions in declining to make findings consistent with medium work. While it is true that the state reviewing physicians determined that plaintiff could perform medium work, the ALJ appears to have given plaintiff the benefit of the doubt in finding her capable of performing a significant range of light work. Contrary to plaintiff's assertions, the ALJ did incorporate the restrictions contained in Dr. Auerbach's evaluation along with several of those found by the state reviewing physicians. The plaintiff has simply failed to meet the burden of proving a more extensive impairment than that found by the ALJ. The Court finds that the RFC adopted by ALJ is supported by substantial evidence and comports with applicable law.

## VOCATIONAL FINDINGS

Plaintiff also challenges the ALJ's vocational findings at the fifth step in the sequential evaluation process. At the fifth step, the Commissioner has the burden of demonstrating that there exists a significant number of jobs in the local, regional and national economies that the claimant can perform given his or her residual functional capacity, Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980). Testimony from a vocational expert can constitute substantial evidence to satisfy this burden, Bradford v. Secretary of HHS, 803 F.2d 871, 874 (6th Cir. 1986) (per curiam), provided that the vocational expert's testimony is based upon a hypothetical question that accurately portrays the

limitations imposed by the claimant's physical and mental impairments, <u>Varley v. Secretary of HHS</u>, 820 F.2d 777, 779 (6th Cir. 1987).

Plaintiff contends that the hypothetical posed to the vocational expert was not identical to the ALJ's RFC findings, and therefore the vocational expert's response is not substantial evidence upon which the ALJ could conclude that there exist significant numbers of jobs which plaintiff court perform. The undersigned has carefully reviewed the controlling hypothetical posed to the vocational expert and concludes that it is more restrictive than the ALJ's actual RFC findings, and included such limitations as only occasional bending, stooping and squatting, no climbing, simple routine, low stress, repetitive, and unskilled work (Tr. 471-472). In this instance, there is no prejudice to the plaintiff and the Court finds no error.

## CONCLUSION

The ALJ has complied with applicable law stating the reasons for rejecting the largely unsupported report of Dr. Hamad and for rejecting plaintiff's credibility. In addition, the ALJ's RFC findings are supported by substantial evidence and are entitled to this Court's deference. Regardless of whether this Court would have weighed the evidence differently to reach the opposite conclusion, there is no legal error in the ALJ's handling of these issues.

A Judgment in conformity with this Memorandum Opinion has this day entered.